# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-327
Lower Tribunal No. 11-8089
_____

**Fernando Guerrero,**
Appellant,

vs.

**Globalmax Enterprises, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

WermuthLaw P.A., and J. Michael Wermuth and Osnat N. Dorot, for appellant.

Dorta & Ortega, and Omar Ortega, Rey Dorta, and Tricia Neimand, for appellees Pavan Taneja, Bridge Holdings USA, LLC, and Raft Management; Richards & Associates, and Richard L. Richards and Jason Goldstein, for appellees Ricardo Hernandez, Teresa Ramirez, Wildaymil Rodriguez, Prestige Transportation Service, LLC, and Alliance Hospitality Group, Inc.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

ROTHENBERG, J.

Fernando Guerrero ("Guerrero") appeals the trial court's order adopting the general magistrate's second report and recommendation on proceedings supplementary. Guerrero contends that the trial court abused its discretion and committed reversible error by failing to conduct a special set hearing on his exceptions to the magistrate's second report and recommendation before adopting and ratifying the report and recommendation. Based on the unique facts of this case, we find no error and affirm.

Specifically, we note that the magistrate conducted a lengthy evidentiary hearing during which several witnesses testified and documentary evidence was introduced. Based on the evidence presented, the magistrate issued a very detailed report finding that no credible evidence had been presented that any of the defendants or third party defendants had conspired to make or had actually made any fraudulent transfers of assets to defraud their creditors or Guerrero. This report included specific references to the evidentiary support for the findings made by the magistrate.

Guerrero filed timely exceptions to the magistrate's report. The trial court conducted a special set hearing on Guerrero's exceptions, during which the trial court reviewed the evidence presented at the evidentiary hearing and the magistrate's findings and adopted the magistrate's factual findings. However, because it was unclear whether the magistrate had applied all of the applicable law,

the trial court asked the magistrate to clarify whether she had considered and applied sections 726.105(1)(b), 726.106, and 56.29(6) of the Florida Statutes when making her findings.

In response to the trial court's query, the magistrate issued a second report and recommendations clarifying that these three statutes had been applied to her findings. Guerrero filed exceptions to the magistrate's second report. However, these exceptions simply restated the exceptions Guerrero made to the first report, and he presented no new evidence or any additional arguments to the magistrate. Because no new evidence had been supplied to support the previously rejected exceptions, the trial court did not conduct another special set hearing. Rather, the trial court simply rejected Guerrero's exceptions and adopted the magistrate's findings and recommendations at a hearing conducted during the trial court's motion calendar.

Because the magistrate's initial report and recommendation was supported by competent substantial evidence; the trial court conducted a special set hearing on Guerrero's exceptions to the initial report and recommendations; and the magistrate's second report was merely a clarification of her first report, we conclude that the trial court did not abuse its discretion by failing to conduct a second special set hearing because there was nothing new to consider. Robinson v. Robinson, 928 So. 2d 360, 362 (Fla. 3d DCA 2006) (holding that the trial court is

3

bound by the magistrate's factual findings if they are supported by competent substantial evidence unless those findings are clearly erroneous or the magistrate had misconceived the legal effect of the evidence).

Affirmed.